IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL DEAN HUFFMAN and | ) | Case No. 07-50139 |
| CRYSTAL GAIL HUFFMAN, | ) | |
| | ) | |
| Debtors | ) | |
| _____ | ) | |

**MEMORANDUM OPINION DENYING DEBTORS' MOTION TO REOPEN AND MOTION TO RECONSIDER DISCHARGE**

This matter came before the Court for hearing on June 20, 2007 upon the Motion to Reopen Chapter 7 Case ("Motion to Reopen") and the Motion to Reconsider the Order Discharging the Debtors ("Motion to Reconsider"), both filed by the above-referenced Debtors (the "Debtors") on June 1, 2007. At the hearing, James L. Tenant represented the Debtors and Edwin H. Ferguson, Jr. was present in his capacity as the Chapter 7 trustee.

The Debtors filed this Chapter 7 case on January 30, 2007. The Debtors scheduled the value of two vehicles, a 2006 Dodge Ram and a 2007 Ford Mustang, in the amount of $21,735.00 and $22,700, respectively. On the petition date, Federal Coastal Credit Union (the "Creditor") held a perfected security interest in both vehicles. On the Debtors' Statement of Intention, the Debtors indicated that they wished to enter into a reaffirmation agreement with respect to each of the vehicles. On May 10, 2007, an Order Discharging the Debtor was entered. On May 16, 2007, the Debtors' case was closed. No reaffirmation agreement was filed in the case before the order discharging the Debtors was entered. The Debtors' vehicles were subsequently repossessed by the Creditor.

1

The Motion to Reopen requested that the Court reopen the Debtors' case so that the Debtors could request that the Court set aside the Order Discharging the Debtor. The Motion to Reconsider requested, pursuant to Section 105(a), that the Court revoke the Debtors' discharge as to the debt that the Debtors owed to the Creditor for their 2007 Ford Mustang so that the Debtors could enter into a reaffirmation agreement with the Creditor.

Pursuant to Section 524(c), reaffirmation agreements must be made prior to the entry of the order of discharge; otherwise they are unenforceable. The requirements of Section 524(c) are clear and must be strictly construed. In re Lee, 356 B.R. 177, 182 (Bankr. N.D.W. Va. 2006). Numerous courts have declined to vacate an order of discharge to allow a debtor to enter into a reaffirmation agreement. See, e.g., In re Wilhelm, No. 06-51747, slip op. at *2 (Bankr. M.D.N.C. June 8, 2007)(Carruthers, J.)(holding it is improper to vacate an order to discharge to allow the debtor to enter into a reaffirmation agreement); In re Stewart, 355 B.R. 636, 639 (Bankr. N.D. Ohio 2006)(holding that the court could not use its equitable powers under § 105 to vacate a discharge order for the purpose of allowing a debtor to enter into a reaffirmation agreement); In re Rigal, 254 B.R. 145, 148 (Bankr. S.D. Tex. 2000)(rejecting the argument that the court had the authority to revoke a discharge for the purpose of entering into a reaffirmation agreement under F.R.B.P. 9024); In re Brinkman, 123 B.R. 611, 612 (Bankr. N.D. Ind. 1991)(finding that a debtor's wish to reaffirm a debt was not cause for the revocation of a discharge pursuant to § 727(d)); but see In re Edwards, 236 B.R. 124, 128 (Bankr. D.N.H. 1999)(holding that vacating the discharge to permit enforceable reaffirmation agreement is permissible under certain circumstances). No special circumstances exist in this case to warrant the reopening of the case and the revocation of the Debtors' discharge. The Debtors' case will remain closed. Thus, the

Debtors' Motion to Reconsider and Motion to Reopen shall be denied.

This memorandum opinion constitutes the Courts' findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MICHAEL DEAN HUFFMAN and ) | Case No. 07-50139 |
| CRYSTAL GAIL HUFFMAN, ) | |
| ) | |
| Debtors ) | |
| _____) | |

## PARTIES IN INTEREST

Michael and Crystal Huffman

James L. Tenant, Esquire

Michael D. West, Esquire

Edwin H. Ferguson, Jr., Esquire